# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2020

Lyle W. Cayce
Clerk

No. 20-60143
Summary Calendar

John David Lansdell,

*Plaintiff—Appellant*,

*versus*

Lee Miller, In His Individual Capacity; Lee County,
Mississippi,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CV-65

Before King, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

John Lansdell appeals the district court's dismissal of his 42 U.S.C.
§ 1983 claims against Lee County, Mississippi, and Lee Miller, an officer in
the Tupelo City Police Department.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60143

First, Lansdell argues that Miller committed excessive force against him in violation of the Fourth Amendment. Lansdell says that, even though he told Miller that he had a preexisting shoulder injury and asked to be handcuffed in front of his body, Miller refused and instead used two sets of handcuffs behind Lansdell's back. On this claim, the district court determined that Miller was entitled to qualified immunity. To defeat a claim for qualified immunity, a plaintiff must show that the right he claims was violated "was 'clearly established' at the time of the violation." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (per curiam) (citation omitted). "The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (per curiam).

We have held that "handcuffing too tightly, without more, does not amount to excessive force." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Lansdell cites no controlling precedent that would put every reasonable officer on notice as to how to arrest someone with a preexisting injury. Lansdell points to out-of-circuit precedent, but we can only rely on out-of-circuit cases as part of the clearly-established inquiry when they demonstrate "a robust consensus of persuasive authority." *Morgan v. Swanson*, 659 F.3d 359, 371–72 (5th Cir. 2011) (en banc) (quotation marks omitted). As the First Circuit has observed, the circuit courts "have reached different holdings on the constitutionality of handcuffing an allegedly injured arrestee behind his or her back." *Hunt v. Massi*, 773 F.3d 361, 369 (1st Cir. 2014). There is therefore no robust consensus on the issue. Accordingly, at the time of Lansdell's arrest, it was not clearly established that Miller could not use two sets of cuffs to handcuff Lansdell behind his back.

Second, Lansdell argues that Miller denied him adequate medical care for his shoulder injury in violation of the Fourteenth Amendment. To establish that kind of violation, a plaintiff must show that the officer "act[ed]

2

No. 20-60143

with deliberate indifference to a substantial risk of serious medical harm and resulting injuries." *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003). Deliberate indifference has a subjective component, requiring "that the official have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The officer must have a subjective intent to cause harm." *Id.* at 625–26 (citations omitted). It is undisputed that, shortly after arriving at the county jail, Miller offered Lansdell the opportunity to go to the hospital immediately. Lansdell refused. The district court correctly noted that the offer shows that Miller did not intend to cause Lansdell harm. Lansdell has therefore failed to satisfy the "extremely high standard" required for a finding of deliberate indifference. *Cadena*, 946 F.3d 717, 728 (5th Cir. 2020); *cf. Hall v. Robinson*, 618 F. App'x 759, 764 (5th Cir. 2015) (per curiam) (holding that plaintiff's failure to take advantage of available procedure that would have remedied the complained-of harm undermined deliberate-indifference claim).

Finally, Lansdell argues that Lee County is also liable for providing inadequate medical care. To establish municipal liability under § 1983, a plaintiff must show "(1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose 'moving force' is the policy or custom." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (en banc) (citations omitted). Lansdell claims that three instances of inmate deaths between 2006 and 2015 in Lee County tend to show the existence of a policy. He provides no details as to how these three incidents are linked, or how they demonstrate a policy of misconduct. Without more, three "[i]solated violations" over the space of nine years "are not the persistent, often repeated constitutional violations that constitute custom and policy." *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); *see Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (holding that evidence of 27 complaints of excessive force over a three year period did not suffice to survive summary

judgment because "plaintiffs ha[d] failed to provide context that would show a pattern . . . establishing a municipal policy").

In the alternative, Lansdell says that his own experience at the Lee County jail suffices to show the existence of a municipal policy to deny medical treatment. Typically, however, we cannot infer the existence of a policy merely from the conduct of several officers during one incident. *See, e.g.*, *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 281 (5th Cir. 2015) (holding that the actions of three officers were insufficient to demonstrate the existence of a policy); *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015) (refusing to infer a municipal policy of retaliation from a single "retaliatory campaign against" plaintiffs, "all arising from the same predicate events").

Lansdell relies on our holding in *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), that the police department's conduct over the course of one night sufficed to show an unconstitutional policy. *Id.* at 171–72. But the holding in *Grandstaff* arose from the extraordinary facts of that case, where an entire police department opened fire indiscriminately on a slow-moving pickup truck. *Barkley v. Dillard Dep't Stores, Inc.*, 277 F. App'x 406, 413 (5th Cir. 2008) (per curiam). We have therefore "limited" *Grandstaff*'s application "to 'extreme factual situations.'" *Barkley*, 277 F. App'x at 413 (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 797 (5th Cir. 1998)). Lansdell has not offered sufficient evidence that his interactions with county employees— one of whom offered to let him go to the hospital and another who treated him—present such an extreme factual situation. *Cf. Westfall v. Luna*, 903 F.3d 534, 548, 551–52 (5th Cir. 2018) (refusing to infer a policy where an officer "body-slammed [plaintiff] to the ground" even though she was not resisting and distinguishing *Grandstaff* as "far more egregious"). Landsell's evidence therefore was insufficient to show a triable issue of fact as to the existence of an unconstitutional municipal policy.

No. 20-60143

Affirmed.